PER CURIAM:
The claimant brought this action under West Virginia Code §14-2-13a, claims for unjust arrest and imprisonment or conviction and imprisonment. This is a case of first impression for the Court.
In accordance with the provisions of the aforementioned section of the West Virginia Code, the following facts were established at a hearing of this claim.
*147 Claimant William C. Edens, Jr. was arrested, charged by warrant and imprisoned in Kanawha County for the November 17, 1983 first degree murder of Vincent Tyree on December 16, 1983. His confinement lasted from December 16, 1983 through December 22, 1983, when he was released on bond.
On January 2, 1984, Gregory C. Burdette was arrested for the November 17, 1983 first degree murder of Vincent Tyree. On April 11, 1986, term of Kanawha County Court, Gregory C. Burdette was convicted of, among other charges, the first degree murder of Vincent Tyree, he was subsequently sentenced, upon the murder count of the indictment, to life imprisonment with mercy.
By Kanawha County Circuit Court Order of January 4,1984, it was determined that the State would not present the murder charge against Edens to the Kanawha County Grand Jury. William Edens, Jr. was released and discharged from his $50,000.00 bond.
Claimant was questioned by the police approximately one month prior to his arrest. On December 16, 1983, when the deputy sheriffs took his son to jail, William C. Edens, Sr. engaged the services of an attorney. In addition, Mr. Edens paid $2,000.00 to an investigator. He borrowed $12,000.00 on an existing bank loan and paid the attorney $10,000.00 by check dated December 19, 1983. The $12,000.00 borrowed cost $6,101.41 in interest from December 1983 through May 1988.
William C. Edens, Jr. testified that his earnings for the two to three months prior to his arrest amounted to approximately $600.00 per month. He was then self-employed and performing automobile repair work. It was difficult for him to procure automobile body repair jobs after the murder charge against him was dropped. He did some free-lance painting. At the time of his hearing, he was employed by Baker Equipment Engineering Company. He stated that he considers the money which his father expended on his behalf a debt that he owes to his father and to his family.
It is within the Court's discretion to determine the amount of compensation to be awarded to the claimant. Therefore, the Court makes an award of $20,000.00 to the claimant, it being the opinion of the Court that such amount will fairly and reasonably compensate him, including his repayment to his father of moneys expended by his father in his behalf.
Award of $20,000.00.